IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SUMMIT PACKAGING
SOLUTIONS, LLC,
    *Plaintiff*,

v.

JAMES SQUATRITO,

    *Defendant*.

No. 1:21-cv-0950-SB

David B. Anthony, Michael William McDermott, BERGER HARRIS, LLP, Wilmington, Delaware.

*Counsel for Plaintiff*.

Andrew P. Gold, AKERMAN, Fort Lauderdale, Florida; Benjamin A. Smyth, MCCARTER & ENGLISH, LLP, Wilmington, Delaware.

*Counsel for Defendant*.

**MEMORANDUM OPINION**

October 19, 2021

BIBAS, *Circuit Judge*, sitting by designation.

Parties often choose the law that will govern their contract disputes. But state laws sometimes limit who can raise a particular claim, trumping the parties' contractual preferences. The Delaware Wage Payment and Collection Act is one such law. It lets only certain employees sue for unpaid wages. Because James Squatrito has not shown he is one of them, I will dismiss his Wage Act claim.

Summit Packaging Solutions, a Georgia company, owed a fortune to the Monroe Capital Corporation. Counter Compl., D.I. 6 ¶ 9. To get out of this financial hole, Summit got a new president: James Squatrito, a Michigan resident with extensive experience managing companies in dire straits. *Id.* ¶ 8.

Summit agreed to pay Squatrito a $400,000 salary. It also promised him large bonuses if he paid off Summit's debt. *Id.* ¶ 12. His employment contract provided that any disputes would be governed by Delaware law. D.I. 6-1 ¶ 16.

A couple of years later, Summit fired Squatrito, alleging that he secretly worked for Monroe all along. Compl., D.I. 1 ¶ 47. Summit even charged Squatrito with funneling confidential information to Monroe. *Id.* ¶¶ 47–53. Squatrito denies this charge and wants his salary, the bonuses, and severance pay under the parties' employment agreement and the Wage Act. D.I. 6 ¶ 20, 20.

Now Summit moves to dismiss Squatrito's Wage Act claims. I may dismiss only if he fails to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Wage Act bars employers from "fail[ing] to pay an employee wages" "without any reasonable grounds for dispute." Del. Code Ann. tit.19, § 1103(b). But it applies

only to employees working "under a contract of employment either made in Delaware or [ ] performed wholly or partly therein." *Id.* § 1101(a)(3).

Squatrito does not say that the employment agreement was made in Delaware or that he performed any work there. He says he does not need to because his contract has chosen Delaware law. D.I. 16 at 4. But "a Delaware choice-of-law provision has no bearing on where the contract is made or performed." *SerVaas v. Ford Smart Mobility LLC*, 2021 WL 3779559, at *6 (Del. Ch. Aug. 25, 2021) (internal quotation marks omitted). So the choice-of-law provision does not save him from the Act's requirements.

I thus grant Summit's motion to dismiss. But because Squatrito could allege that the employment agreement was formed in Delaware or that he did some work there, he may amend his complaint.